Good morning, Illinois Appellate Court, 1st District Court is now in session, the 4th Division, the Honorable Justice Robert E. Gordon presiding, case number 2-0-0-5-2-8, consolidated with 2-0-0-5-9-2, Sharon Evan versus Felas Patel, MD. Okay, would the lawyers who are going to argue the case introduce yourself to the court, please. Yes, Laura Postilian on behalf of all defendants. Good morning, Your Honors, Alex Campos on behalf of Plaintiff Appellee Sharon Evans, Special Administrator of the Estate of Quavia Evans. Okay, would the lawyer for the appellant, do you want to reserve some time for rebuttal? Yes, it will. Would that be taken out of the original 10 minutes? Yes, it will. Yes, it will. Want to take two minutes? How about one minute? One minute would be fine. Okay. Okay, let's proceed. All right, thank you. Good morning, may it please the court. Everything about this case is centered in Lake County. The court's decision is contrary to the very essence of Rule 187, the purpose of which is to further the... Isn't the main doctor, isn't he in Cook County? Oh, yes, Judge Hall. The main doctor does reside in Cook County, and he is part-time. He works at a small clinic in Arlington Heights, giving ketamine infusions to people with anxiety. It's not emergency room care of the type that's alleged in this case. Does that address your concern? Well, just that he's in Cook County, practices in Cook County frequently, and how would it be a problem for him to come to court in Cook County? Well, according to his affidavits, which are in evidence in this case, it would take him twice as long to get to and from the Daly Center as it would for him to get to and from the Lake County Courthouse. He has attested to the great inconvenience of the Daly Center tribe, to his practice in DuPage County, where he practices emergency medicine, and to his family. He's got two small children and a wife who works full-time, and he has attested to the inconvenience. Overall, in the court's analysis, the important part of the defendant's contacts in the chosen forum has to do with whether those contacts have any factual connection to the allegations in the complaint. And that's where we find the crux of the error in the circuit court, is assigning way too much weight to Dr. Patel's activities in Cook County, which have nothing to do with the emergency room care of the patient who is a Lake County resident and who had a chronic illness. Counsel, if I could interrupt you for a second. So the standard of review here is abuse of discretion, right? And the trial judge looked at the private factors and the public factors. So where specifically is the use of discretion with regards to the court's analysis of the public and private factors in this case that are applicable? Well, specifically, we've already discussed Dr. Patel. So the court assigned excessive weight to his connections in Cook County, which have nothing to do with the case. But as well, although the plaintiff demonstrated extreme forum shopping here, this is a medical malpractice case about care to a patient who was from Lake County at a Lake County hospital. All of her subsequent care was in Lake County. She died in Lake County. Plaintiff is living in Lake County. The two next of kin live in Lake County. Clearly, this is a forum shopping case. And although the circuit court did- Doesn't she have affidavits from her witnesses indicating that it's not an inconvenience to go to the Daly Center? Yes, but they didn't say it would be inconvenient to go to the Lake County courthouse. In addition, those are very brief affidavits and quite self-serving. There's no detail. And according to Washington, the Supreme Court decision, less deference should be given to such types of affidavits. All right. The distance between the courthouse in Waukegan and the one at the Daly Center? That is, depending on which route you take, Your Honor, could be 50 miles. It could be closer to 60 miles. However, the time that it takes to travel between those places, it could be in excess of two hours each way. So for each person, each witness from Lake County traveling into and out of the Daly Center, that's an extra four hours per testimony day for each one of those witnesses, most of whom are very busy health professionals. Now, that's not really part of the record. So would you like us to take judicial knowledge of all that? How long it would take? Yes, Your Honor, I would like you to take judicial knowledge, but it is part of the record. We do have the time and travel data that is definitely part of the record. And a question in regards to that data, in reviewing it, at what time of day are these estimates being made? I mean, is it in the morning, in the afternoon, it's in the evening? That didn't appear to be in the record. Well, there is a timestamp on the time and travel data from the Google searches that we did. And it was done during rush hour time periods. Okay. And this was all done through Google? I believe so. All I know, I don't have the sporting record in front of me. Okay. So then you're asking us to follow up with Justice Gordon. That's actually my question is, so you're asking us to take judicial notice that the information provided by Google is accurate? Yes, Your Honor. Okay. So then counsel, isn't it a part of the record that you really aren't expecting to call all of those witnesses, all 90 of them? So this burden really would not be on most of those witnesses. That is true. That is an assumption that the circuit court made. And that is under order. However, legal precedent states that such assumptions cannot be made. And for purposes of a forum non-convenience motion, where it's very early on in the case, extensive investigation on identifying precisely who will testify is not something that's contemplated by the rule or the case law interpreting it. In fact, the Supreme Court cases of Gridley and Fennell have said that for forum non-convenience motion, it's appropriate for the court to consider the witnesses who would potentially testify at trial, not necessarily who would definitely testify at trial. Thank you. Thank you, Justice. The fact that regardless of whether Dr. Patel goes to Cook County or to Lake, that he would still have to take time away from his family, sitting up in the other courtroom or from his practice. And the same for the other witnesses. And so effectively, if they're planning on taking the day, that day is going to be blown anyway, regardless of the additional transportation time. Well, I think Your Honor, Judge Hall, you are correct. But I would take exception to part of what you said. I don't think a day is going to be blown if you're spending an hour traveling versus five hours traveling. So in order to have extra time with family. Now we're at five hours. It depends on which witness you're talking about. So, for example, Nurse Ogden, she submitted an affidavit. She was one of the out-of-shoe care providers. She attested that each way to the courthouse would be in excess of two hours to the daily center. So the total daily hours that we're talking about just for that witness would be about five hours. So yes. But whether you talk about four hours or five hours of additional travel time, that's wasted time just in travel that could be spent by all of these witnesses with their families, with their patients, with their practice partners. So I hope that answers your question, Your Honor. Thank you. So under the unique facts of this case, this case is very unique. We need to analyze the actual facts at issue and not just tick boxes on columns for Lake County and Cook County, but actually dig in and look at the facts of the case. And when we do so, the balance of public and private interest factors strongly favors transfer to Lake County. In the context of the extreme forum shopping we're presented here, the scales take even further towards Lake County. How is it extreme? I mean, she's not filing this down in the fifth judicial district. She's just filing it in the county next door. Well, how is that extreme forum shopping? It is extreme because for all of the reasons we've stated, that it's everything happened there. I mean, everything happened there. But as well, the plaintiff, a Lake County resident, selected an attorney with primary offices in Lake County. It is alleging negligence that it occurred entirely within Lake County and then flips around and files it in a congested forum of Cook County where nothing happened, where Vista Medical Center East, the defendant, has absolutely no facilities. This isn't an advocate system like some of the cases cited by the plaintiff. There is no presence in Cook County other than that ketamine clinic of Dr. Patel, which has nothing to do with this case. Do you believe the balancing test that is applied in forum non-convenience cases is the same if the circumstances was interstate instead of interstate? I believe that by law, it's the same analysis. And we have even a recent case that just came down the other day. Hanson Runge, which was a transfer from Illinois to Iowa, even though the defendant's headquarters were in Illinois. So in every forum non-convenience case, there's going to be some defendant's activity in the chosen forum. That's just the nature of the beast. So that's why, where the circuit court stumbled here by just ticking that box and saying, okay, he gives ketamine infusions, that's medical care, that counts. But no, you have to actually dig deep and say, okay, what is that? Does that have anything to do with caring for a diabetic patient in an emergency room? Absolutely not. And with regards to the discovery in this case, where are we? Have any depositions been taken? We are at ground zero, your honor. This is really the only thing that's happened in the case other than written discovery. Have experts been named? Not only Dr. Patel named himself as an expert. Under rule 213 F3, he's his own expert. But no, we haven't disclosed retained experts yet. All right. And I have another question. So considering the possibility due to the coronavirus pandemic, the circuit courts may continue to operate remotely. So how does the convenience factor to the parties affect the outcome of this case? Well, the convenience factors actually more strongly favor transfer to Lake County because I have several Lake County cases and I have personal knowledge of the fact that jury trials are actually being scheduled for 2021 in Lake County. And that's not even on the horizon in Cook County. Counsel, you're testifying beyond the record there with your personal knowledge. You're right, your honor. But I would ask the court to take judicial notice of that. This is a moving target here. Things are changing all the time with the coronavirus pandemic and closures and openings as everybody is unfortunately well aware of. All right. Let me ask you something closer to the facts of this case. So what case law do you have to support the contention that we should disregard Dr. Patel's connections to Cook County? Well, it's not that we should disregard it. It's that we need to look at exactly what the factual connection is. And that I'll give you several cases. We've got Bruce, Land, Shaw, and Ali. But I like Bruce for this case. It's a first district decision because it was against Sherman Hospital. Sherman Hospital is in McHenry. Plaintiff files in Cook. The plaintiff had, Sherman had two physical therapy facilities in Cook County. That's what gave the case venue in Cook County. The court reversed the circuit court decision denying transfer to McHenry County because it delved into the facts. It said, look, the allegations in this case against Sherman have to do with care given in an immediate care center. Not in a physical therapy facility. So based upon the fact that there was no factual connection between those PT facilities in Cook and the care in the immediate care center at Sherman Hospital in McHenry, that's why the first district said, circuit court, you were wrong. You abused your discretion. This case is going out to McHenry County. It's pretty similar to this case. So we need to look at the type of treatment that the doctor renders in the County to consider whether or not a case should be brought in that particular County. According to Bruce in a medical malpractice setting, there are other cases involving a premises liability case at a store called Shot where venue was fixed because the store was a group of stores had two stores in the chosen forum. And the court said, yeah, but the plaintiff actually fell over here in Monroe County, not in St. Clair County. That's where the incident happened. And that is, as this court is well aware, the most important, the most significant factor in a forum non-analysis is where the accident happened. And that's why in the shot case, the fifth district said that those other two stores in the chosen County, that was insignificant to the balancing process. All right. So to my point, though, is there any cases where we said that indicate that we should disregard the defendant's affidavit? I don't think disregard would be the word. That's my question though. Are there any cases that you know of that indicate that we should disregard the doctor's affidavit? No, the law is that it is to be accorded much less significance. And that's where the court stumbled here because it gave Dr. Patel's Cook County activity such heavy weight, even though it has nothing to do with emergency room care or the care of a diabetic patient. I'm not sure where I am in my time. Well, you've exceeded it, but you're giving a very interesting argument. So we're letting you go. But why don't you reserve some time for rebuttal? Okay. And let's hear from the other side. Thank you so much, Your Honor. Okay, Mr. Campos. Thank you, Your Honor. Good morning, everyone. May it please the court. I introduced myself earlier. My name is Alex Campos. I represent the plaintiff at the leap. I think this is a very easy case for this court to analyze given the robust opinion that was offered by the trial court. This court should affirm that decision denying the motion to transfer venue. As the court has commented previously in the oral argument thus far, the trial court has wide, wide discretion in adjudicating these motions. It's the highest, most deferential standard the law recognizes. I had some prepared remarks, excuse me. But I think one of the issues that is most important to this panel based on the questioning is what to make of the fact that the defendant doctor, the target doctor lives in Cook County, works in Cook County, raises a family in Cook County. Justice Hall, to answer your question, it is really important. It's a very important factor that he lives here, that he works here. I think yesterday I was listening to an oral argument that this court heard previously in the Johnson versus Nash matter. It's another case my office is working on. And I think it was Justice Gordon who asked the defendants who were appealing an FNC denial like here. Tell me a decision or ask me, you're asking us to write a decision that says that the principal place of business for a company is in Cook County, but that it is nonetheless inconvenient for that company to have a trial in Cook County. And I don't think that the defendant in that case could provide you with a good answer. In fact, the defendant in that case cited to the exact same Bruce case that the defendants are citing here. The court commented on the Bruce case, and I'm just going to read it right for you here, that the reason that the court reversed the denial of the FNC motion and sent the case to McHenry County is because of what it found to be blatant forum shopping. And what was not included in the oral argument on that issue was that the plaintiff in that case had previously filed the case in McHenry, had taken a voluntary dismissal and had now filed in Cook due to the fact that advocate had some unrelated physical therapy cases. I think there's a very strong animus in this case that the reason that there was that the case belonged in McHenry County is because the plaintiff already filed there. We don't have anything like that in this case. What the plaintiff or excuse me, what the defendant appellant is asking you to do is something that I believe is novel here. They're asking you to write a decision, which says that it is inconvenient for an individual who resides in Cook County, who practices medicine in Cook County, who owns a business in Cook County, who got his medical education in Cook County, who raises a family in Cook County, that it is inconvenient for that individual to have to defend his medical conduct in Cook County. I think that'd be a very novel opinion by this court. Counsel, if I could interrupt for one sec, but what about their argument is regarding the treatment? Now they're asking us to look at the type of treatment he offers in Cook County, as opposed to the type of treatment that he provides in Lake County. Sure. I think there is certainly a more nuanced argument. I don't think there's any question that the type of medical care that he provides in Cook County can be distinguished from the type medical care at issue in this case. But at the end of the day, it's still medical care. And it's still an issue that I believe the trial court was within its discretion to consider when you pair that with the fact that the individual lives in Cook County. Let me ask you this for just a moment. Where is your office located? I'm sitting here at 20 North Clark Street, about a baseball throw away from the Daily Center. Maybe not my baseball throw, but someone else's baseball throw. Okay. And is the plaintiff's office in the Cook County or Lake County? My office is, we have offices in both counties, but as the handling attorney on this file, I'm sitting here in Cook County. I believe the defense attorneys are a couple blocks away from in Cook County. Although obviously now with the pandemic, we're not always going to our offices. Are we to consider where the lawyers have their office as a factor? I think what the precedent would say is that it is certainly a consideration. It's not by any means the most important consideration. But in this case, this panel looking at how the trial court analyzed the issue, I think it would be within the trial court's discretion to consider the fact that the attorneys of record are Cook County attorneys. I don't think it's unreasonable or illogical for the trial court to arrive at a conclusion. And in fact, I don't think it's unreasonable or illogical for the trial court to come to any of its findings. And I'd be happy to go through them in great detail. Could you address Justice Reyes' question to Ms. Postilio about what difference does it make now anyway, since we're mostly on Zoom or remotely conducting both trials and hearings on Zoom? Sure. Yeah. And I think that kind of goes to the idea of what does it mean to have an inconvenient forum? The cases I think that it makes sense that transfer was ordered are those cases where there's going to be a difference in the convenience and not just a small difference, not just the minutiae, but we're talking substantive cases that are moved from one of the state to the other part of the state. In this case, before the pandemic, I would say there was very small differences in how the case would get litigated, Cook County versus Lake County. Now where we're doing pretty much everything by Zoom, I'm either sitting in my office or sitting at my kitchen table for depositions. Importantly, witnesses who I believe a big thrust of the defense case was that there are all these witnesses we need to be are doing depositions in the comfort of their home or in their offices. They're not having to really travel anywhere. So I think what that means to us is it really reduces any inconvenience that would exist, having this case in Cook County versus having it in Lake County. And certainly, I think as the trial court commented, most of these doctors would be giving depositions where they live. I don't think it was unreasonable or illogical for the trial court to come to that conclusion before the pandemic. I think certainly since things have changed, it just more reinforces that the trial court was within its discretion on that particular issue. What are thoughts you have that would let us reconsider the trial court's judgment in light of the changes caused by the pandemic? I'm sorry, I didn't understand. You're asking what precedent there would be to reconsider it? Yes. Yeah. Is there any authority that would allow us to, in light of the pandemic, is there any authority that would allow us to reconsider the court's judgment? You know, I think, I'm not sure how to necessarily answer that question. I apologize. I don't know that there's really been a case that I've read that had come out in the last six months that has we should be examining things differently in this world, this pandemic world, than was, you know, the order that was the subject of the appeal. I think if we're going to be fair to the trial judge, she wasn't dealing with the same world we're dealing with here. I think her rulings were within her discretion at that time. You know, I think certainly nothing has changed that would were an abuse of discretion. So, I'm not sure that I have a case that I can cite to where this panel, this district, or another appellate court has said we need to be considering these things in a different light in light of the pandemic. I have a question with regards to the trial court's memorandum. The trial court's memorandum was quite detailed, but it was an issue that was memorandum. I believe the trial court said, and we presume that not all of these 90 witnesses that the defendant has listed are going to be called to trial. So, and counsel in her argument indicated that, you know, we just can't, you know, presume. So, how do we deal with that issue where the trial judge said she presumed that all 90 witnesses may not be called to trial? I think the Langenhorst case talked about what to make of a head count, where a party just lists witnesses in an effort to persuade or dissuade a case to be moved from one county to the other. I think if we're looking at the trial judge and trying to determine how she should have gone about addressing this issue, I think it's really hard to be critical of how she went about addressing this. She was faced with a record that included something like 90 different witnesses. The specifics of who they were, what their role was, why they would be called to trial was, I'd say, minimal. She was presented with several declarations that my office has submitted on behalf of the plaintiff, in which certain witnesses said that it would not be inconvenient to come to Cook. She was faced with an affidavit from the defendant doctor that this case was going to be about two to three weeks, and trying to reconcile that with a list of 90-plus names, putting aside any expert witness disclosures. And so, I think it's hard to say that she abused her discretion in concluding that ultimately this is not going to be a case of 90-plus witnesses at I'm not sure that there are other cases that would have provided her with more specific guidance on how to go about resolving this particular issue. And I think considering the record had numerous affidavits from plaintiff witnesses saying Cook would not be inconvenient, that certain of the witnesses are from Cook, and that she can't really determine which of these 90 the defendant has kind of backed off on. I think it's really hard to say she abused her discretion in concluding, ultimately, that this particular issue should not support the case staying in Cook County. Were the witnesses that were listed, the 90 so-called witnesses that were listed, were they distinguished in terms of who were treaters and who were not treaters, or were they all doctors listed in the discovery? It's an excellent question. The day before the FNC motion was filed, we got an email with the 213 disclosures that listed something like 10-12 different facilities, all that my client had been in in the years to address her diabetic condition. And I recall seeing a list of Vista Medical East providers, and then a list of about 60 nurses, doctors, dieticians, medical scribes, just listed. I think that is part of the supporting record is the actual 213 disclosure. There were other facilities where it was doctors, nurses, other allied health professionals just listed. And so, you know, I couldn't help but come to the conclusion that what was done here was to go through with painstaking detail through my client's medical records, identify any name that they found, try to ascribe a Lake County address to them, and use those addresses in an effort to persuade the case to get moved to Lake County. Um, there was really no detail about who these people were, why these doctors versus other doctors would be called other than the fact that they appear in my client's medical records. And I think I would consider that in light of the fact that the plaintiff did make 213 disclosures. These are people who were relevant to the case who were there in the period of time where the lawsuit gives rise. Each one of those people said it would not be a problem to come to Cook County. On that particular record, I think it's very challenging to say that the trial court abused its discretion, especially when we consider that the defendant doctor who is the prime target in the case who will form liability for all the other corporate defendants is a Cook County resident, a Cook County physician. I think one of the other issues that this court should consider briefly is the court, the trial court's analysis of all the other factors. I think those show that this wasn't a situation where the trial court railroaded over the defendant. It gave thoughtful consideration to each and every factor. For example, the viewing of the premises of the hospital, the trial court did consider that that would support a transfer. And I think it rightly considered that that's really not a particularly significant data point in the context of a medical malpractice case. I'm not sure the last time I read a verdict that showed that the jury left the courtroom and traveled to the hospital. And so it tells me that the trial court did consider the questions raised by the defense ultimately concluded. Those just did not support transfer. They didn't strongly support transfer. You know, on this case, I think the trial court did it right. I think that it knew what the issue was. It knew what the factors were to consider. It went into very good detail on its analysis before arriving at its conclusion. Each discretionary finding is a finding that is supported by multiple other FNC appellate court decisions. There's nothing the trial court did that was novel or outside of precedent. Have you addressed the issue that it takes what three times as long to get a case heard in Cook County than it would in Lake? The fact that there we have so many more cases in Cook County and than in Lake. Would you address that? I'd be happy to, your honor. And I think that may be slightly overstating the discrepancy in the statistics. I'm going to my brief here to address this because I think it is a lot closer call Lake County and Cook County than, you know, two or three times a difference in times. I think the difference it's in my brief. One was something like 36 months in Cook County and 30 months, excuse me here. I got it here. So 30 months in Cook County versus 25 months in Lake County. That's what was in the priority versus advocate case that a difference of 11 months, excuse me, 11 months. And this was 16 years ago that a difference of 11 months was relatively insignificant. I think the record shows that the time difference has the gap has narrowed. And so while I will certainly concede that Cook has a lengthier time, the difference I think is really quite inconsequential in the grand scheme of things. And, you know I just don't know that that issue alone, given the rest of the record would support a reversal of the trial courts well-reasoned decision in this case. And if I can just briefly conclude, I think again, what the defendant doctor is asking you to do here is write a novel opinion that says that an individual Cook County resident who works in Cook County can be inconvenienced by a trial in Cook County. I think this would be a very novel decision. I don't think the trial court's decision on this issue was an abuse of discretion given the fact that it has never been done before. So if there are no further questions, I'll certainly be done. Thank you. I have one other question that was raised in the briefs with regards to the issue of the registered agent. I believe one or two of the other defendants in this case have registered agents in Cook County, yet the defendants are asking us to disregard that. That, you know, it doesn't really matter where the registered agent is if you want to bring a case against a defendant. Can you address that? I think there is case law that will support either conclusion on that, that a registered agent can be relevant data point. It can be an unrelevant data point. I don't know that necessarily the registered agent has been in any of the cases I've read or that are cited by the parties has been one of the more dispositive factors in the case. In this case, I think it's certainly a relevant data point for the trial court to consider that this Lake County Hospital has a registered agent in Cook County. I think the inference is there's some benefit to having business ties to Cook County, but ultimately I don't know that it's a particularly important factor. I don't think it was a particularly important factor for the trial court in this case, and I think certainly it's not been the most important factor in other decisions. But certainly, you know, the fact that the hospital uses a registered agent in Cook County shows that it will avail itself of Cook County when it is convenient. Okay, and I just have one final question. Can we agree with the defendants that Dr. Patel's Cook County connections are not significant and still find that the balance of the factors weigh in favor of the plaintiff's choice of venue? I think you can. I think the question is going to be whether the decision by the trial court was an abuse of discretion. It's a very high burden that the defendant appellant has to prove here. I think considering how well thorough the trial court's decision was, even if this court concludes that one issue may have been decided incorrectly, that on balance, the overall decision was within the trial court's discretion. So I believe the answer to your honor is yes. I don't think you get there in this case, but ultimately, even if you do, I still think the trial court's decision can be affirmed given the robust record and the number of findings that are supported by multiple appellate court decisions. Assuming there are no further questions, I appreciate you all taking time to listen to me today. Thank you. Okay, let's hear the rebuttal. Thank you, Judge Gordon. I accept everything that the plaintiff said about the contacts, but still everything happened in Lake County. Everything happened in Lake County. Nothing he said changes that fact, and the plaintiff's attorney has conceded the fact that Dr. Patel's activity in Cook County is completely irrelevant to the allegations in this case. That is the single factor that the circuit court focused on and assigned heavy weight to, and that's where most of the error, but not all of the error, occurs. Mr. Campos wants this court to believe that finding in favor of the defendants in transferring this case would present novel law. Well, we would like to direct attention to the additional authority that we cited, the Brandt case, which just came out in August, where it was a medical malpractice case. The defendant, doctor, lived in the chosen form, and yet the case was transferred to the recommended form because that's where everything happened, and so this would not be a novel decision. There are multiple other decisions where a case is transferred out of the chosen form, even though the defendant corporation has its headquarters there, even though they do their primary business there. There are multiple cases to state that. This is not novel in the least. Dr. Patel's connections to Cook County are just one factor. Let's look at all of these disclosed trial witnesses. These witnesses, no matter how many testify, they all, almost to a person, live and or work in Lake County, and it would be inconvenient for them. It doesn't matter how many of them testify. What about testimony? Live testimony is always preferred, and I'll direct you to our briefs in that regard. There's case law that even states that. Can we do a jury trial by Zoom? Well, I think the technological challenges with that would be overwhelming. It would make trials longer. There would be no control over environmental distractions. There would be no control over deliberations. How do we know if somebody is not off-screen and signaling one of the jurors how to vote on a case? Live testimony is preferred. Realistically- And yet, the courts have done jury trials over Zoom already. On medical malpractice trials like this one? I'm not familiar. I have no idea if it was a med mal, but I know there's a jury trial that's been done on Zoom. Well, I'm not sure. I don't have those details, Your Honor. What I do know is that it's important to be in the court for a juror to be able to assess the credibility of a witness. It's also important for the trial judge to see who's paying attention. If somebody is appearing as a juror by Zoom, they could be looking things up on another device. The judge would have no idea. In order to preserve the integrity of the trial process, live testimony and live trials is where it's at. The forum shopping here is egregious. This is just like the Bruce case with the two PT facilities. This is just like the Bruce case. To allow such egregious forum shopping to remain unshackled, which that's insignificant according to our law, but is this ketamine facility that plaintiff has already admitted has nothing to do with the allegations, to allow such forum shopping in the context of this case to remain unshackled would be contrary to the venue rules and to the stated goal to actually curtail forum shopping. When we analyze the actual facts of this case and examine those facts of this case and the total circumstances, not picking up Dr. Patel's ketamine clinic, all roads lead to Lake County. Transferring this case to Lake County would serve the convenience of the parties, the convenience of the vast majority of witnesses, however many of them testify, and will serve the ends of justice. Thank you. Any questions by any members of the panel? Well, I want to thank the lawyers. They did a terrific job in their oral arguments and in their briefs, and shortly you will receive a decision, either an opinion or an order, and the court will be adjourned.